# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| PACHECO. A. JOSEPH, | Case No. CV 16-07921-JAK (AS) |
| Petitioner, | |
| | **ORDER OF DISMISSAL** |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

**BACKGROUND**

On October 25, 2016, <u>pro se</u> Petitioner, Joseph A. Pacheco, currently located at Centinela State Prison in Imperial, California, filed a two-page motion for an extension of time to file a petition for writ of habeas corpus by a person in state

1

custody pursuant to 28 U.S.C. § 2254 ("Motion").[1]  Petitioner contends that the statute of limitations is set to expire on October 21, 2016, and that he needs 60 days of additional time, until December 20, 2016, to file his federal habeas petition. (Docket Entry No. 1).

A Petition for Writ of Habeas Corpus can only be issued if Petitioner is in state custody and such custody is in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(c).  However, Petitioner does not identify or allege any claims that he intends to raise in any petition filed in this Court.  Thus, the Court is unable to determine whether Petitioner intends to raise claims that are even cognizable on federal habeas review and whether Petitioner might be entitled to statutory tolling and/or equitable tolling of the AEDPA statute of limitations.[2]

---

[1]  According to the attached Proof of Service by Mail, Petitioner handed the Motion to prison authorities for mailing on October 13, 2016.

[2]  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims.  28 U.S.C. §2244(d)(1).  Although Petitioner contends that the statute of limitations to file a federal habeas petition expires on October 21, 2016, the Court notes that, according to the California courts' database (see http://appellatecases.courtinfo.ca.gov), the California Supreme Court denied Petitioner's Petition for Review on October 21, 2015 (Case No. S228219).  Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A) and United States Supreme Court Rule 13.1, Petitioner's conviction became final on January 19, 2016.  Therefore, the AEDPA limitations period began to run on January 20, 2016 (the day after the time for seeking review of the California Supreme Court's denial of his Petition for Review expired) and, absent tolling, Petitioner will be required to file a federal habeas petition no later than January 19, 2017, pursuant to 28 U.S.C. §

Petitioner's motion for an extension of time in an attempt to bypass the statute of limitations hurdle (see McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013)), must be denied because the Court has no basis for determining whether an extension of time and/or statutory or equitable tolling would be appropriate. See Pace v. Diguglielmo, 544 U.S. 408, 416 (2005)(state petitioner may file "protective" federal habeas petition in federal court and request a stay and abey of federal habeas proceedings in order to exhaust state remedies).

Since Petitioner has not filed a federal habeas petition stating a claim for relief under 28 U.S.C. § 2254, denial of the Motion is warranted.

**ORDER**

ACCORDINGLY, IT IS ORDERED that the Motion be dismissed without prejudice.[3]

DATED: November 14, 2016

                                                                                      _JMK_
                                                                                    JOHN A. KRONSTADT
                                                                                    UNITED STATES DISTRICT JUDGE

---

2244(d)(1).

[3] Petitioner may assert any argument for statutory and/or equitable tolling in any federal habeas petition he chooses to file, if necessary.

3